No. 32,782

THE WICHITA NATURAL MILK PRODUCERS ASSOCIATION, *Appellant*, v. J. T. CAPP et al., *Appellees*.

(59 P. 2d 29)

Opinion filed July 3, 1936.

*William J. Wertz, Vincent F. Hiebsch* and *Forest V. McCalley*, all of Wichita, for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

Burch, C. J.: This is another milk-bottle case from Wichita, in which a result was reached different from the result in the case of *Associated Dairies v. Fletcher*, 143 Kan. 561, 56 P. 2d 106 (April, 1936).

In the Associated Dairies case, the action was commenced for the benefit of pasteurizers of milk, each using its own trade-marked bottles. In this case the action was brought for the benefit of members of the Wichita Natural Milk Producers Association, who produce and sell natural milk. The association registered a trade-mark, consisting of the name of the association, stamped on or blown in milk bottles in red, and stamped on milk-bottle caps or stoppers. Members of the association were licensed to use the bottles. Trouble about unauthorized use of trade-marked bottles arose, as described in the opinion in the Associated Dairies case. The court made findings of fact not in accord with the general finding in the Associated Dairies case, and returned the following conclusion of law:

"Plaintiff has not made a showing entitling plaintiff to a temporary injunction, and the same will be denied."

When the case was decided the district court did not have the benefit of the decision in the Associated Dairies case. From the evidence the court admitted and considered, and from the findings of fact, it is quite clear the court treated the case as if none but private interests were involved.

Two findings of fact require comment.

The court made the following finding of fact:

"All milk sold in Wichita is required (by city ordinance) to have a stopper with the name of the producer upon it. Most purchasers select their milk by the name on the stopper."

The evidence was not quite as strong as the finding, but accepting it as correct, a witness testified:

"You are forced to look at the cap to determine whether or not you are getting my milk, because the bottle don't indicate it, which I wish it did."

The district court overlooked the fact that all purchasers will be obliged to rely solely on the caps if the law may be flouted, and anybody may refill trade-marked bottles with impunity.

The finding indicates some purchasers do rely on the trade-marked bottle. The ordinance of the city could aid, but could not supersede the statute. In this instance plaintiff registered its trade-mark for its bottle stopper, as well as for its bottles. Purchasers who rely on the trade-marked bottle without examining the stopper might be deceived.

The court made the following finding:

"There is no evidence that defendants have offered to sell their milk as 'genuine' or as the milk of a member of the association. Their bottles always bear their own cap labels."

One effect of this finding, based on lack of evidence, was to deprive plaintiff of benefit of the statutory injunction provided for in the trade-mark law. That did not prevent plaintiff from obtaining an injunction. The dairy-products law, a recent enactment referred to in the Associated Dairies case, made it unlawful for anyone but the owner to use any trade-marked milk bottle, except with consent of the owner. The statute is a public-health and welfare statute, and a court of equity should not lend its aid to practices designed to thwart the law. This is true, even if some of plaintiff's members were guilty of practices which, if private interests only were involved, would be disfavored in equity. The irregularities may be dealt with in some proper way, but the court should not permit the law to be broken down.

The judgment of the district court is reversed, and the cause is remanded with direction to grant the injunction.